LOTTINGER, Judge.
This is a tort action wherein plaintiff seeks damages for injuries received in an automobile collision which occurred on Government Street in the City of Baton Rouge between a car driven by plaintiff and one operated by Wendell P. Harris, Jr. The latter was a minor at the time of the accident and his father, Wendell P. Harris, Sr., and S. A. Harris Transfer and Storage Company, Inc., the owner of the vehicle driven by young Harris, and the public liability insurer of the vehicle, The Insurance Company of the State of Pennsylvania, were named as party defendants.
Judgment was rendered by the Lower Court in favor of defendants dismissing plaintiff’s suit and the latter has appealed.
The record shows that the accident occurred in the 4800 block of Government Street when the plaintiff, who was traveling in a westerly direction and was followed by the automobile driven by young Harris, turned to her left across the passing or south lane of traffic, with the intention of stopping at a restaurant known as *270 Lorenzo’s, which was situated in the middle of the block on the south side of Government Street. The impact occurred in the south traffic lane when Harris was attempting to pass the Powers vehicle. Negligence is charged against Harris in following too closely, attempting to pass a vehicle whose driver was properly signaling for a left turn and in passing without sounding his horn or giving other indication of his intention. The answer filed on behalf of Harris denies any negligence on his part, alleges gross negligence on the part of plaintiff, and, in the alternative, contributory negligence on her part. Specific negligence is charged against Mrs. Powers in failing to keep a proper look-out, in failing to give notice of her intention to turn left and in suddenly swerving to her left and into 'the passing Harris vehicle. It appears that Jo Ann Watson occupied the front seat with Harris and that Miss Lillian Rube occupied the front seat with Mrs. Powers. It had been raining prior to the accident which occurred' at about 8:30 P.M., but the rain had, for the most part, stopped and visibility was good. At any rate, the weather does not appear to be a factor in the case. The Harris vehicle had been following the Powers vehicle in a westerly direction for several blocks and both vehicles were traveling at a very slow speed.
Lillian Rube, a passenger in the Powers vehicle, filed suit No. 75,683 of the docket of the 19th Judicial District Court against the same defendants herein together with State Farm Mutual Automobile Insurance Company, the liability insurer of Mrs. Powers. This suit was tried before a jury which rendered a verdict in favor of defendants, which verdict and judgment rendered thereon is now final. It was stipulated between counsel that the record in the Rube case, insofar as liability is concerned, would constitute the evidence in this matter and that no additional testimony with respect to liability would be taken.
Under cross-examination of Wendell P. Harris, Jr., by the attorney for the plaintiff in the Rube case, the following testimony was given:
“Q. Tell the jury how that accident occurred, Wendell?
A. Well, I was behind Mrs. Powers and this little, small car was going extremely slow, and I had been behind her on North Foster and she made a right and I made a right, and she was going extremely slow and this was actually the first time that I had a chance to move around her. It was in the middle of the block, and I seen my chance, and without any indication whatsoever she just — her tail lights and brake lights were not on, and no indicator whatsoever, and when I started around her I moved in the left lane of traffic, and just as I get out to go on around her she makes an abrupt left turn in front of me, and it wasn’t much I could do but move fast and hit my brakes. We was going about the same speed when I moved out. I moved out and, of course if you going the same speed you have to pick up a little speed to go around somebody, and I had just moved my foot and put it on the accelerator and I was starting around her and she made a quick left, and I kind of went for the— there’s loose gravel there in front of Lorenzo’s that they use for a parking area and I started toward it. My car kind of went in this direction (indicating) and my right fender kind of knifed into her like that. I kind of started traveling to keep from damaging my car. I tried to turn into this parking area on the left side and my car kind of slid into her, my right front side slid into her left side. That’s all there was to it.
*271 Q. I believe at that time that Government Street along in that area was a two lane, two way affair in that area?
A. That’s correct.”
Mrs. Powers, under cross-examination by the attorney for Miss Rube, gave the following version of the accident:
“Q. Tell the jury how that accident occurred, Mrs. Powers?
A. We were going down Government Street going west, going at a very low speed because we were looking for a place to turn in and park (they were parking them like this [indicating] on Government Street at that time), and I would say a half to three-quarters of a block behind me I saw this car, so I put on my blinker lights, and I had to change gears in my car because I was driving that slow looking for a parking place. I put on my blinker light, and I know it was on because it cliks inside and it also shows a red light in there, and I went to make my turn and as I went to make my turn this automobile behind me (which I had seen a half to three-quarters of a block back) just whipped from behind me right into me, and I was almost- — ■ I was across the left lane of the street at the time, I was almost through with my turn when I got hit.”
Jo Ann Watson testified that they had followed the Powers vehicle at a very slow speed and that when Harris started to go around her, she made an abrupt turn to the left, causing the collision.
Mrs. Powers testified that she had her left turn signal on before making her turn. Her passenger, Miss Rube, testified that she did not notice any signal being made.
Young Harris testified that the blinker lights of the Powers vehicle were absolutely not on. His passenger, Jo Ann Watson, testified that she did not see any blinker lights on the Powers car.
Officer Charles F. Middleton, Jr., of the Baton Rouge Police Force, when asked had Mrs. Powers stated to him that she had blinker lights on, stated, “No, Sir. If she had’ve, it would be in this remark section down here. If it had been determined that she had given an arm signal or signal light signal, it would be stated in this report”, which he testified it was not. While this is not conclusive it is a circumstance to be taken into consideration with the other facts in the case.
Officer Satterwhite of the Baton Rouge Police Force, stated that he did not recall Mrs. Powers stating to him that she had her blinker light on and that if she had so stated it would have been in his report, which it was not.
We are convinced from the record that young Harris who was traveling at a slow rate of speed, had no reason to anticipate that the plaintiff would turn abruptly across the passing lane of traffic as she did. The Trial Judge concluded that the accident was caused by the negligence of the plaintiff in making an improper left turn into the lane of the Harris automobile which was attempting to pass her and we believe that this factual conclusion is amply borne out by the record.
For the reasons assigned, the judgment apealed from is affirmed.
Judgment affirmed.